WARNER, J.
Appellant challenges the trial court’s denial of his motion to correct an illegal sentence. He claims that the court improperly sentenced him as a habitual offender where the robbery of which he was convicted occurred more than five years after his “release” from his prior prison sentence. Because he has misconstrued the statutory provisions which apply, he has not shown that he is entitled to relief.
Appellant was tried and convicted of robbery with a weapon for an incident that took place in August 2002. At sentencing, the court entered a habitual offender sentence of twenty years based upon his past convictions. The state alleged that his last release date from prison was September 11, 1998, less than five years prior to the August 2002 robbery.
In 2010, appellant challenged his sentence as illegal because his last release from prison was not the September 11, 1998 release date used by the state. Specifically, he claimed that in 1995 he was sentenced to a year and two months in prison on one charge of grand theft of a motor vehicle and two charges of battery on a law enforcement officer. He was released from prison on conditional release on May 31, 1996. In August 1997, a warrant was issued for his arrest on a domestic violence charge, but he was acquitted of that charge. He was returned to the Department of Corrections on July 30, 1998. He alleged in his Rule 3.800 motion that the Department did not revoke his supervision, and that the Parole Commission entered an order releasing defendant “back to supervision.” That release appears to be the September 11, 1998 release. In responding to the defendant’s motion, the state supplied an “Inmate *1111 Movement/Transfer History” which recorded the September 11, 1998 date with a notation of “Expiration.” The trial court denied the motion based upon the state’s response.
The controlling version of the habitual offender statute in effect in 2002 provides that to qualify for habitual offender status, the felony for which the defendant is to be sentenced was committed:
Within 5 years of the date of the conviction of the defendant’s last prior felony or other qualified offense, or within 5 years of the defendant’s release from a prison sentence, probation, community control, control release, conditional release, parole or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
§ 775.084(l)(a)2.b., Fla. Stat. Although the record in this case is unclear as to the type of supervision appellant was under, it is undisputed that appellant had been released on May 31, 1996, on supervision. The record does not show, nor does the appellant allege, that he was released from supervision more than five years before the August 2002 robbery. While the state used the September 11, 1998 date as the date that he was released from the prior commitment, that date very well could have been the date that his supervision expired. Therefore, he has not shown that his sentence was in any way illegal, as he committed the robbery within five years of his prior release from supervision.
We affirm. However, this is without prejudice to the appellant being able to show that the Parole Commission had in fact released him from supervision more than five years prior to the 2002 robbery. On this record he has not made that showing.
POLEN and LEVINE, JJ., concur.